Received and E-Filed for Record
7/5/2017 3:18 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 17-07-08152

| | | |
|---|---|---|
| **PROJECT 1488 WEST PARTNERS, LLC** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | Montgomery County - 284th Judicial District Court |
| | § | |
| | § | **MONTGOMERY COUNTY, TEXAS** |
| **SCOTTSDALE INSURANCE** | § | |
| **COMPANY, RONALD F. PATTON, and** | § | |
| **CHERI L. MCGINNIS** | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Project 1488 West Partners, LLC ("Plaintiff"), complains of Scottsdale Insurance Company, Ronald F. Patton, and Cheri L. McGinnis (collectively "Defendants") and respectfully shows as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2.     Plaintiff is a Texas limited liability company with its principal place of business in Montgomery, Texas.

3.     Defendant Scottsdale Insurance Company ("Scottsdale") is a foreign surplus lines insurance company engaging in the business of insurance in Texas.  This Defendant may be served with process by serving the Texas Commissioner of Insurance at the Texas Department of

**EXHIBIT 2**

Insurance, P.O. Box 149104, Austin, TX 78714-9104.  The Commissioner of Insurance will then forward process to Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.      Defendant Ronald F. Patton an individual and an insurance adjuster licensed by the Texas Department of Insurance.  Mr. Patton is believed to be a Texas resident and may be served with process at the following address: 8877 N Gainey Center Dr., Scottsdale, AZ 85258.

5.      Defendant Cheri McGinnis is an individual and an insurance adjuster licensed by the Texas Department of Insurance.  Ms. McGinnis is a Texas resident and may be served with process at the following address: 1188 County Road 147, Alvin, TX 77511-7809.

6.      The Clerk is requested to issue Citations.

**III.**
**JURISDICTION**

7.      Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.00, excluding interest and costs.  Such damages sought are within the jurisdictional limits of the court.  Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by Tex.R.Civ.P. 47.

8.      The court has jurisdiction over Defendant SCOTTSDALE because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

9.      The court has jurisdiction over Defendant Patton because this Defendant is believed to be a Texas resident, because this Defendant engages in the business of adjusting insurance claims in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

10.     The court has jurisdiction over Defendant McGinnis because this Defendant is a Texas resident, because this Defendant engages in the business of adjusting insurance claims in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

11.     Venue is proper in Montgomery County, Texas, because the insured property giving rise to this cause of action is situated in Montgomery County, Texas.   TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

12.     Defendants have been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

13.     All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendants; or Defendants are otherwise estopped from raising same due to Defendant's prior breach of the insurance contract.

## VI.
## FACTS

14.     Plaintiff is the owner of a commercial building containing retail stores located at 1150 F.M. 1488, Magnolia, TX 77354 (the "Property").   The Property was insured by insurance policy number CPS2257086, issued by Defendant SCOTTSDALE (the "Policy").   Plaintiff is the owner of the Policy and the named insured on the Policy.

15.     On or about May 26, 2016, or another time when the Policy was in effect, a severe storm caused substantial damage to the Property and constituted a covered loss under the Policy.   In fact, referring to the event as a severe storm is a gross understatement.   The storm systems that barreled through Southeast Texas on or about May 26, 2016 were commonly referred to by locals and the

news media as the "2016 Memorial Day Storm".  Extensive rain caused flooding throughout Southeast Texas.  High winds damaged structures, downed trees, and knocked out power throughout Montgomery County.  In Conroe, a maximum of wind gust of 66 MPH was recorded. The Memorial Day Storm was even so severe that it made national news and was experienced by millions of people across Southeast Texas and in Montgomery County.  In fact, regarding the Memorial Day Storm, Defendant Patton himself admitted "I don't believe that anyone will argue the storm was not of epic proportions as to rainfall."

16.     During the Memorial Day Storm, the winds blew and the rains came and water poured into Plaintiff's building.  The roof of the Property was damaged so extensively that it had to be replaced. Further the interior of the Property suffered damage so extensive that Plaintiff has spent tens of thousands of dollars repairing that damage.

17.     After the Memorial Day Storm, Plaintiff made a claim (claim no. 01710654) and demand for payment on Defendant SCOTTSDALE for damages to the Property, damages for business interruption, and other damages covered by the terms of the Policy (the "Claim").  To date, Defendant SCOTTSDALE has refused to pay Plaintiff's any money for the Claim and has denied the Claim as not covered by the Policy.

18.     After Plaintiff made the Claim, Defendant SCOTTSDALE assigned or otherwise retained its employees and/or agents Defendants Patton and McGinnis to work on Plaintiff's Claim. Defendant McGinnis inspected the property on June 6, 2016 (11 days after the loss).  It is unclear whether Defendant Patton ever physically inspected the property, or simply adjusted Plaintiff's claim from behind in one of Defendant SCOTTSDALE's offices.  As demonstrated by the facts below, Patton and McGinnis were far more than field adjusters who merely wrote an estimate using form based industry software.  Rather, McGinnis and Patton handled almost every aspect of

the Claim adjustment to date including but not limited to the following actions: 1) handling virtually all communications on behalf of the Defendant SCOTTSDALE with Plaintiff and Plaintiff's representative regarding the Claim (including sending email and letters on behalf Defendant SCOTTSDALE) ; 2) coordinating all inspections of the property; 3) personally inspecting the Property; 4) personally preparing, reviewing and/or approving damage estimates related to the claim; 5) personally vetting and hiring engineers and an engineering firm (Haag Engineering) to work on the Claim; 6) reviewing and adopting the work, findings and opinions of the third party engineers and relaying such findings to Plaintiff (including Patton authoring the denial letter); 7) determining coverage issues and what amount of money should be paid to Plaintiff for the Claim ($0.00);  9) recommending to the Defendant SCOTTSDALE whether the Claim should be covered and what at amount of money should be paid to Plaintiff for the Claim; 10) instructing third party engineers to look for excuses as to why the Claim should not be covered in direct contravention to their duties owed under the Policy and Texas law; and 11) directing Plaintiff to retain its own engineer to investigate the claim in contravention to Defendant SCOTTSDALE's duties to conduct a reasonable and thorough investigation of the Claim.

19.    At the time McGinnis initially visited the Property on or about June 6, 2016, McGinnis neglected her duties to conduct a reasonable and thorough investigation of Plaintiff's claim and embarked upon a scheme to collude with SCOTTSDALE to create a false reason to deny the Claim. Ms. McGinnis, who is a resident of Alvin, Texas (located approximately 75 miles southeast of Plaintiff's Property) undoubtedly personally experienced the severity of the 2016 Memorial Day Storm.  Further, she like most other Texan's in the storm's path (and even more so as a property damage insurance adjuster) watched local news coverage of the Storm and was therefore aware of how powerful the Memorial Day Storm was and how much property damage it caused.  Despite

having this knowledge, McGinnis never attempted to determine the extent of the damage to Plaintiff's Property and never prepared an estimate of damages.  Rather, she began looking for an excuse for Defendant SCOTTSDALE to delay and ultimately deny coverage on the Claim.

20.     After the initial June 6, 2016 inspection, McGinnis and Patton began working together with SCOTTSDALE to wrongfully deny the Claim.  Rather than themselves investigate the obvious wind and water damage to the Property, McGinnis and Patton determined that SCOTTSDALE should retain an engineer to investigate Plaintiff's Claim.  Accordingly, McGinnis and/or Patton retained Haag Engineering on behalf of SCOTTSDALE.  The very hiring of Haag resulted in an unnecessary delay to the adjustment of Plaintiff's claim because Haag was not able to inspect the property until June 28, 2016 and did not finalize its report until July 21, 2016 – almost two months after the date of the loss.  During this time, Plaintiff's Property remained damaged, and Plaintiff's business tenants were unable to operate or fully operate their businesses, resulting in a loss of income to Plaintiff.

21.     After Haag completed its inspection and issued its report, it sent its findings to Patton. Patton, provided a copy of the Haag report to Plaintiff for its review.  After receiving and reviewing the report, Plaintiff's representative Chris Boone emailed Patton and provided a detailed rebuttal to numerous factual inaccuracies contained in the Haag report.  Mr. Boone also provided weather date and other information that directly controverted information in the Haag report.  Patton, in response to Mr. Boone's concerns admitted "I don't believe that anyone will argue that the storm was not of epic proportions ad to rainfall", and then summarily dismissed Mr. Boone's concerns stating, "without any evidence that wind damage was responsible for the rainwater intrusion, our decision, that coverage for this loss is not available."  Apparently, the fact that the Property had not previously suffered significant leaks, combined with the fact that water entered Plaintiff's

property while 60 MPH+ winds were blowing and gusting did not amount to any evidence of wind damage according to Patton.  Patton relied upon Haag's flawed report, ignored direct evidence that the damage to Plaintiff's Property was caused by a covered peril under the Policy and recommended that SCOTTSDALE deny Plaintiff's Claim.  Patton himself then signed and sent to Plaintiff a letter dated August 9, 2016 wrongfully denying Plaintiff's Claim (the "Denial Letter").

22.    Patton's statements in the Denial Letter are specific misrepresentations by Patton to Plaintiff regarding the actual covered damages to the property.  For example, Patton cites "faulty, inadequate or defective design" as one reason for the Claim denial.  However, history demonstrates there was nothing wrong with the design of Plaintiff's building because for years massive amounts of water had never leaked into the building despite the numerous rainstorms that commonly occur in Montgomery County.  Likewise, Patton's statements in the Denial Letter citing "wear and tear" as a basis for denial of the Claim are also specific misrepresentations because massive amounts of water had not previously leaked into the building, which would have done so if the building were experiencing problems from "wear and tear".

23.    The foregoing demonstrates that all Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim.  Further, Defendant SCOTTSDALE has refused to pay all amounts due and owing under the Policy for the Claim.

24.    Defendant SCOTTSDALE failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant SCOTTSDALE refused to pay for damages owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff.  Defendant SCOTTSDALE's

conduct constitutes a breach of the insurance contract between Defendant SCOTTSDALE and Plaintiff.

25.   All Defendants misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy.  Defendants' conduct constitutes a violation of Tex.Ins.Code §541.060(a)(1).

26.   All Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when SCOTTSDALE's liability was reasonably clear. Defendants' conduct constitutes a violation of Tex.Ins.Code §541.060(a)(2)(a).

27.   All Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement/claim denial.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, All Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants' conduct constitutes a violation of Tex.Ins.Code §541.060(a)(3).

28.   All Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants.  Defendants' conduct constitutes a violation of Tex.Ins.Code §541.060(a)(4).

29.   All Defendants refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim.  Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable

evaluation of Plaintiff's Claim.  Defendants' conduct constitutes a violation of TEX.INS.CODE
§541.060(a)(7).

30.   Defendant SCOTTSDALE failed to meet its obligations under the Texas Insurance Code
regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of
Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's
claim within the statutorily mandated time of receiving notice of Plaintiff's claim.  Defendant
SCOTTSDALE's conduct constitutes a violation of TEX.INS.CODE §542.055.

31.   Defendant SCOTTSDALE failed to accept or deny Plaintiff's full and entire Claim within
the statutorily mandated time of receiving all necessary information.  Defendant SCOTTSDALE's
conduct constitutes a violation of TEX.INS.CODE §542.056.

32.   Defendant SCOTTSDALE failed to meet its obligations under the Texas Insurance Code
regarding payment of claims without delay.  Specifically, Defendant SCOTTSDALE has delayed
full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received
full payment for Plaintiff's claim.  Defendant SCOTTSDALE's conduct constitutes a violation of
TEX.INS.CODE §541.058.

33.   From and after the time Plaintiff's claim was presented to Defendant SCOTTSDALE, the
liability of Defendant SCOTTSDALE to pay the full claims in accordance with the terms of the
Policy was reasonably clear.  However, Defendant SCOTTSDALE has refused to pay Plaintiff in
full, despite there being no basis whatsoever on which a reasonable insurance company would
have relied on to deny the full payment.  Defendant SCOTTSDALE's conduct constitutes a breach
of the common law duty of good faith and fair dealing.

34.   All Defendants knowingly or recklessly made false representations, as described above, as
to material facts and/or knowingly concealed material information from Plaintiff.

35.    Because of all Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT SCOTTSDALE

36.    Defendant SCOTTSDALE is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A.    Breach of Contract.

37.    The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant SCOTTSDALE.   Defendant SCOTTSDALE breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law.  Defendant SCOTTSDALE's breach proximately caused Plaintiff injuries and damages.  All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B.    Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

38.    The conduct, acts, and/or omissions by Defendant SCOTTSDALE constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

39.    Defendant SCOTTSDALE's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

40.    Defendant SCOTTSDALE's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant SCOTTSDALE's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

41.    Defendant SCOTTSDALE's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

42.    Defendant SCOTTSDALE's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

43.    Defendant SCOTTSDALE's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

44.    Defendant SCOTTSDALE's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.  Defendant SCOTTSDALE refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.  This continued failure compelled Plaintiff to file suit.  TEX.INS.CODE §542.003(5).

C. **Prompt Payment of Claims Violations.**

45.     The Claim is a claim under an insurance policy with Defendant SCOTTSDALE of which Plaintiff gave Defendant SCOTTSDALE notice.   Defendant SCOTTSDALE is liable for the Claim.  Defendant SCOTTSDALE violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

    a)   Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant SCOTTSDALE reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

    b)   Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

    c)   Delaying payment of the Claim following Defendant SCOTTSDALE's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

46.     Defendant SCOTTSDALE's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

D. **Breach of The Duty of Good Faith and Fair Dealing.**

47.     Defendant SCOTTSDALE breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant SCOTTSDALE knew or should have known that its liability to Plaintiff was reasonably clear.   Defendant SCOTTSDALE's conduct proximately caused Plaintiff injuries and damages.

## VIII.
## CAUSES OF ACTION AGAINST
## DEFENDANTS PATTON AND MCGINNIS

**48.**     Defendants Patton and McGinnis are insurance adjusters that were assigned or otherwise engaged by SCOTTSDALE to adjust the claim.  These Defendants were acting in furtherance of

the business of SCOTTSDALE at all times material while adjusting the Claim.  Accordingly, Defendant SCOTTSDALE is liable for the wrongful conduct of Defendants Patton and McGinnis.

### A.      Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

49.     The conduct, acts, and/or omissions by Defendants Patton and McGinnis while adjusting the Claim constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

50.     Defendants Patton and McGinnis are individually liable for their unfair and deceptive acts, irrespective of the fact they were acting on behalf of Defendant SCOTTSDALE, because individually, they meet the definition of a "person" as defined by TEX.INS.CODE §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

51.     The unfair settlement practices of Defendants Patton and McGinnis, as described above, in misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

52.     The unfair settlement practices of Defendants Patton and McGinnis, as described above, in failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

53.     The unfair settlement practices of Defendants Patton and McGinnis, as described above, in failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

54.     The unfair settlement practices of Defendants Patton and McGinnis, as described above, in failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

55.     The unfair settlement practices of Defendants Patton and McGinnis, as described above, in refusing to pay Plaintiff's Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

56.     The unfair settlement practices of Defendants Patton and McGinnis, as described above, compelled Plaintiff to initiate a lawsuit to recover amounts due under its Policy by offering substantially less than the amount ultimately recovered. Defendants Patton and McGinnis refused to even offer any money for Plaintiff's Claim despite clear evidence the Claim was covered by the Policy. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

## IX.
## KNOWLEDGE

57.    Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## X.
## DAMAGES

58.    Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

59.    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's Claim, together with attorney fees.

60.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages.  TEX.INS.CODE §541.152.

61.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees.  TEX.INS.CODE §542.060.

62.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

63.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose names are subscribed to this pleading.  Therefore, Plaintiff is

entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XI.
## JURY DEMAND

64.    Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XII.
## REQUEST FOR DISCLOSURE

65.    Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

## XIII.
## PRAYER

66.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**GREEN & BARTON**

By:     /s/    William. T. Jones, Jr.
        WILLIAM T. JONES JR.
        State Bar No.: 24032601
        bjones@GBTriallaw.com
        ROBERT D. GREEN
        State Bar No.: 08368025
        green@greentriallaw.com
        DANIEL P. BARTON
        State Bar No.: 00789774
        dbarton@bartonlawgroup.com
        1201 Shepherd Drive
        Houston, Texas 77007
        (713) 227-4747- Telephone
        (713) 621-5900- Fax